# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 13-50258
c/w No. 13-50259
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

June 6, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LIBRADO LIENDO-SAUCEDO,

Defendant-Appellant

————————————————————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

LIBRADO LIENDO-SAUCEDO, also known as Edward Ortiz,

Defendant - Appellant

————————

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:06-CR-1624-1

————————

No. 13-50258
c/w No. 13-50259

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:*

Librado Liendo-Saucedo (Liendo) appeals the 27-month within-guidelines sentence imposed by the district court following his guilty plea conviction for illegal reentry in violation of 8 U.S.C. § 1326(a) and (b)(2). He also appeals the consecutive 24-month sentence imposed following the revocation of a prior term of supervised release.

Initially, Liendo contends that his 51-month combined sentence is substantively unreasonable because it is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a). The sentence imposed for Liendo's new illegal reentry offense and the sentence imposed upon the revocation of supervised release are separate sentences imposed in separate criminal proceedings. *See Johnson v. United States*, 529 U.S. 694, 700-01 (2000). Moreover, we have rejected arguments that a consecutive within-guidelines revocation sentence, like Liendo's, renders the combined sentence unreasonable. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 808-09 (5th Cir. 2008). Liendo's challenge to the substantive reasonableness of the combined sentence is without merit.

We review Liendo's challenge to his 27-month sentence under an abuse of discretion standard, taking into account the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009). Because the sentence was within the advisory guidelines imprisonment range, we afford the sentence a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

presumption of substantive reasonableness.[1] *United States v. Tuma*, 738 F.3d 681, 695 (5th Cir. 2013). Liendo argues that the sentence imposed was greater than necessary because of (1) the flawed nature of U.S.S.G. § 2L1.2, the Guideline used to calculate his sentence, (2) the staleness of a prior felony drug conviction that was used to enhance his sentence, (3) the non-violent nature of his offense, and (4) the motive for his reentry, *i.e.*, duress caused by threats from Mexican drug cartels. Liendo has not made the showing necessary to overcome the presumption of reasonableness afforded his sentence. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). The record reflects that the district court considered Liendo's mitigation arguments and ultimately concluded that a sentence at the top of the applicable guidelines range was appropriate based on the circumstances of the case and the § 3553(a) factors. The fact that we might reasonably conclude "that a different sentence was appropriate is insufficient to justify reversal." *Gall*, 552 U.S. at 51.

Liendo has also failed to show that the consecutive 24-month within-guidelines revocation sentence is substantively or plainly unreasonable. *See United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). We review preserved challenges to revocation sentences under a deferential plainly unreasonable standard.[2] *Id.* Under that standard, we "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.* (internal quotation marks and citation omitted). If the sentence

---

[1] Liendo challenges the applicability of the presumption of reasonableness in cases involving U.S.S.G. § 2L1.2. He acknowledges, however, that his challenge is foreclosed, *see United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009), and he raises the issue here only to preserve it for further review.

[2] Liendo preserves for further possible review his argument that revocation sentences should be reviewed under the reasonableness standard stated in *United States v. Booker*, 543 U.S. 220, 260-62 (2005).

No. 13-50258
c/w No. 13-50259

is unreasonable, we determine "whether the error was obvious under existing law." *Id.*

The 24-month revocation sentence was within the range recommended by the policy statements set forth in the Sentencing Guidelines, and it was within the statutory maximum term of imprisonment that the district court could have imposed. *See* 18 U.S.C. § 3583(e)(3); U.S.S.G. § 7B1.4(a). As previously discussed, Liendo's contention that the facts of his case justified a lower sentence are insufficient to rebut the presumption of reasonableness afforded his revocation sentence. *See Lopez-Velasquez*, 526 F.3d at 808-09 (applying presumption of reasonableness to a revocation sentence imposed within the recommended range).

Accordingly, the district court's judgments are AFFIRMED.